IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDY DESTY,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF<br>HUMAN SERVICES / CHILD<br>SUPPORT SERVICES,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:23-CV-03073-SDG-JEM |

UNITED STATES MAGISTRATE JUDGE'S
NON-FINAL REPORT AND RECOMMENDATION

Five motions are pending before the Court. (Docs. 9, 10, 11, 13, 15.) For the following reasons, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment, (Doc. 9), Plaintiff's Motion to Enforce Default Judgment, (Doc. 13), and Plaintiff's Motion for Default Judgment, (Doc. 15), be **DENIED**, and that Defendant's Motion to Set Aside Default, (Doc. 10), and Plaintiff's Motion to Eliminate Motion to Set Aside Default, (Doc. 11), be **DENIED AS MOOT**.[1]

---

[1] Under Federal Rule of Civil Procedure 72, dispositive motions are ones that may extinguish a party's claim or defense. Fed. R. Civ. P. 72(a). "There is some authority that a motion for default is a dispositive motion and therefore may only be resolved by a magistrate judge through a Report and Recommendation." *Jenkins v. McCalla Raymer, LLC*, No. 1:10-CV-03732-CAP-AJB, 2011 U.S. Dist. LEXIS 166363, at *4 n.1 (N.D. Ga. Apr. 19, 2011) (collecting cases); *but see Jerome v. Barcelo Crestline, Inc.*, No. 1:07-cv-0447-WSD-LTW, 2007 U.S. Dist. LEXIS 87042, at *4 (N.D. Ga. Nov. 27, 2007) ("The R&R's decision to deny the motion for default judgment was not dispositive or potentially dispositive[

## I.   INTRODUCTION

Plaintiff initiated this action by filing a complaint on July 11, 2023. (Doc. 1.) On September 22, 2023, the Court ordered him to properly serve Defendant. (Doc. 6.) On October 5, 2023, Plaintiff filed a return of service indicating that Defendant had been served on September 27, 2023. (Doc. 8.) Defendant's responsive pleading was therefore due to be filed on or before October 18, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). On October 25, 2023, Plaintiff filed a motion for default judgment. (Doc. 9.) Fifteen days later, on November 9, 2023, Defendant filed a motion to set aside default. (Doc. 10.) Instead of filing a response, Plaintiff filed a motion to eliminate Defendant's motion to set aside on November 16, 2023. (Doc. 11.) Defendant timely responded to this motion on November 28, 2023. (Doc. 12.) On December 6, 2023, Plaintiff filed a second motion for default judgment, (Doc. 13,) to which Defendant untimely responded on January 11, 2024, (Doc. 14). On January 16, 2024, Plaintiff filed a third motion for default judgment, (Doc. 15), to which Defendant untimely responded on February 2,

---

because] a clerk's entry of default had not been entered[.]"). Additionally, the "[g]eneral practice" in the Eleventh Circuit and the Northern District of Georgia is to treat a motion to set aside a clerk's entry of default as dispositive, requiring a report and recommendation, because "such a motion could *potentially* foreclose a defendant's ability to raise defenses to liability." *Jacobs v. Black Diamond Diversified, LLC*, No. 1:18-cv-5543-SCJ, 2019 U.S. Dist. LEXIS 250050, at *7-9 (N.D. Ga. June 13, 2019) (emphasis in original) (collecting cases); *Conetta v. Nat'l Hair Care Ctrs., Inc.*, 236 F.3d 67, 73 (1st Cir. 2001) (explaining that an entry of default fixes a defendant's liability but allows the defendant to contest damages). Accordingly, the Court will issue a report and recommendation on the disposition of the parties' motions.

2024, (Doc. 16). To date, Defendant has not answered or otherwise responded to Plaintiff's Complaint. (*See* Dkt.)

## II.     DISCUSSION

Under Rule 55, a party seeking a default judgment must first obtain the Clerk's entry of default. Fed. R. Civ. P. 55(a)-(b); *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("[T]he clerk's entry of default must precede an application for default judgment.") (internal quotations omitted). After the Clerk has made an entry of default, then the party must file a motion for default judgment under Rule 55(b)(1) or (2). *Frazier*, 767 F. Supp. 2d at 1360 n.1. Here, Plaintiff did not seek the Clerk's entry of default, and no such default has been entered in this case. (*See* Dkt.) Therefore, Plaintiff's Motion for Default Judgment, (Doc. 9), Motion to Enforce Default Judgment, (Doc. 13), and Motion for Default Judgment, (Doc. 15), are not ripe, and the Court must deny them. *See Sun v. United States*, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004) ("Plaintiff's Motion for Default Judgment is premature because he has failed to obtain the entry of default, a prerequisite to a default judgment."); *Riley v. Hannibal*, No. 1:16-CV-02544-LMM, 2017 U.S. Dist. LEXIS 236391, at *3-4 (N.D. Ga. Feb. 21, 2017); *Weinstein Grp. v. O'Neill*, No. 1:19-cv-1533-SCJ, 2020 U.S. Dist. LEXIS 256614, at *3 (N.D. Ga. Feb. 13, 2020) ("Plaintiff never moved for a clerk's entry of default before filing this motion for default judgement. . . . Thus, the motion is procedurally improper.") (internal quotation omitted). This denial renders moot Defendant's Motion to Set Aside Default, (Doc. 10), and Plaintiff's Motion to Eliminate Motion to Set Aside Default, (Doc. 11).

## III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment, (Doc. 9), Plaintiff's Motion to Enforce Default Judgment, (Doc. 13), and Plaintiff's Motion for Default Judgment, (Doc. 15), be **DENIED**, and that Defendant's Motion to Set Aside Default, (Doc. 10), and Plaintiff's Motion to Eliminate Motion to Set Aside Default, (Doc. 11), be **DENIED AS MOOT**.

**SO RECOMMENDED** March 5, 2024.

_J. Elizabeth McBath_
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE