IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDY DESTY,<br>    Plaintiff,<br><br>                           v.<br><br>GEORGIA DEPARTMENT OF HUMAN SERVICES/CHILD SUPPORT SERVICES,<br>    Defendant. | Civil Action No.<br>1:23-CV-03073-SDG |

## OPINION AND ORDER

This case is before the Court on the Non-Final Report and Recommendation (R&R) issued by United States Magistrate Judge J. Elizabeth McBath [ECF 17] and various motions. After careful consideration of the objections and documents filed post-issuance of the R&R, the Court **ADOPTS** the R&R. Specifically, it **DENIES** *pro se* Plaintiff Andy Desty's motions asking this Court to enter default against Defendant the Georgia Department of Human Services/Child Support Services (DHS) [ECFs 9, 13, 15]. It also **DENIES** as moot DHS's motion to set aside default [ECF 10] and Desty's motion to strike same [ECF 11]. Finally, it **GRANTS** DHS's motion for judgment on the pleadings [ECF 30] and **DENIES as moot** Desty's motion for a cease and desist order [ECF 35}.

I.     **Background**

Desty filed this case on July 11, 2023. On October 25, 2023, Desty filed a motion for default judgment after DHS failed to answer or otherwise respond to

1

the complaint.[1] Two weeks later, DHS filed a motion to set aside default.[2] About a month later, Desty filed another motion seeking default judgment.[3] He filed yet another motion seeking default judgment on January 16, 2024.[4] He has yet to seek an entry of default from the Clerk.

Judge McBath issued the R&R, recommending denial of all pending motions as premature since Desty had not first sought the Clerk's entry of default.[5] DHS's motion to set aside default was thus denied as moot because there was no default to set aside. Both parties objected. DHS thereafter filed its answer to the complaint.[6] It also filed a motion for judgment on the pleadings.[7]

## II. Objections to the R&R

A party challenging a R&R issued by a federal magistrate judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009).

---

[1]  ECF 9.

[2]  ECF 10.

[3]  ECF 13.

[4]  ECF 15.

[5]  ECF 17.

[6]  ECF 19.

[7]  ECF 30.

The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

The district court has broad discretion in reviewing a magistrate judge's R&R. It may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). Indeed, "a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *Schultz*, 565 F.3d at 1360. A "generalized re-assertion" of a prior argument that fails to "challenge [the] reasoning" in the R&R is insufficient. *Id.*

**III.   Discussion**

**A.   The R&R correctly denied the various motions for entry of or relief from default judgment.**

Desty has filed three separate motions for default judgment against Defendant. He has not yet sought entry of default from the Clerk. The R&R

recommends denying his motions for that reason, yet Desty's objections fail to address the basis of the R&R and instead argues about the merits of his case.

There are two steps a plaintiff must follow to obtain a default judgment: (1) the entry of default by the clerk (Fed. R. Civ. P. 55(a)), and (2) the subsequent entry of a default judgment by the court (Fed. R. Civ. P. 55(b)). Because Desty failed to conform to the requirements of Fed. R. Civ. P. 55, his motions seeking default judgment against DHS are premature and procedurally improper. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F.Supp.2d 1354, 1360 n.1 (N.D. Ga. 2011) (noting that the clerk's entry of default under Fed. R. Civ. P. 55(a) must be made *before* an application for default judgment under Fed. R. Civ. P. 55(b)); *Sun v. United States*, 342 F.Supp.2d 1120, 1124 n.2 (N.D. Ga. 2004) (emphasis added) ("Plaintiff's Motion for Default Judgment is premature because he has failed to obtain the entry of default, *a prerequisite to a default judgment*"). Accordingly, undersigned agrees with Judge McBath that, pursuant to Fed. R. Civ. P. 55, Desty was required to seek entry of default from the Clerk before filing a motion seeking default judgment.[8] Undersigned also agrees that DHS's motion seeking relief from default is moot because default was never entered.

---

[8] *Pro se* litigants must still conform to procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

DHS has now filed its answer, so Desty cannot seek an entry of default from the Clerk. *Weinstein Grp. v. O'Neill & Partners*, 2020 WL 10224008, at *1 (N.D. Ga. Feb. 13, 2020) ("Defendant has since filed its answer, and Plaintiff has answered Defendant's counterclaim. Given this Circuit's preference for addressing claims on the merits, default is not proper."); *see also American Deli Int'l v. Jay & Young Grp.*, 2014 WL 12098959, at *6 (N.D. Ga. April 24, 2014) ("Because Plaintiffs failed to obtain a clerk's entry of default prior to filing a Motion for Default Judgment and furthermore because Defendant's. . . Answer has now been filed prior to any entry of default that could have been made pursuant to Rule 55(a), Plaintiffs' Motion for Default Judgment must be denied."). Accordingly, all motions with respect to the entry of or relief from default judgment are denied.

**B.    DHS's motion for judgment on the pleadings is granted.**

After DHS filed its answer, it then filed a motion for judgment on the pleadings, arguing that this case should be dismissed as this Court lacks subject matter jurisdiction over this action because it is protected under the doctrine of sovereign immunity. Desty responded but provided no substantive immunity argument. The Court concludes that DHS is immune from suit.

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings and provides: "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P.

12(c) (alterations added). [9] The same standard as a Rule 12(b)(6) motion to dismiss applies to these motions. *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

DHS moves for judgment on the pleadings on the basis that, as an arm of the state, it is entitled to immunity under the Eleventh Amendment. "The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity." *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995). "Eleventh Amendment immunity 'extends not only to the state itself, but also to state officers and entities when they act as an 'arm of the state.'" *Lightfoot v. Henry Cnty. Sch. Dist.*, 771 F.3d 764, 768 (11th Cir. 2014). This sovereign immunity "can only be waived by an Act of the General Assembly which

---

[9] A motion for judgment on the pleadings must be filed within 30 days after the beginning of discovery unless the moving party obtains prior permission from the Court to extend the filing deadline. *Norton v. Nexair*, LLC, No. 1:19-CV-03901-ELR, 2021 U.S. Dist. LEXIS 258510, at *9 (N.D. Ga. Sep. 28, 2021); LR 7.1(A)(2) and 7.2, NDGa. However, the Court has the discretion to waive a Local Rule. *Edwards v. Shalala*, 846 F. Supp. 997, 998 n.2 (N.D. Ga. 1994). DHS filed its motion late (though not so late as to delay trial), but the Court waives the deadline in order to decide the motion on the merits.

specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, § 2, para. IX(e). *Presnell v. Paulding Cnty., Ga.*, 454 F. App'x 763, 769 (11th Cir. 2011).

Desty brought this case against the Georgia Department of Human Services, an agency of the State of Georgia,[10] for "violating the United States Constitution Law."[11] Desty makes no argument nor provides the Court with any statute that waives Georgia's sovereign immunity in this case. The Court is not aware of any such waiver. Because DHS is immune, Desty cannot maintain this suit.

## IV.     Conclusion

The Court **ADOPTS** the R&R as the Order of this Court [ECF 17] and **DENIES** the motions for default judgment [ECFs 9, 13, 15]. It also **DENIES** as moot DHS's motion to set aside default [ECF 10], and Desty's motion to eliminate same [ECF 11]. Finally, it **GRANTS** DHS's motion for judgment on the pleadings [ECF 30] and **DENIES as moot** Desty's motion for a cease and desist order [ECF 35].

---

[10] *Fitzgerald v. Child Support Receiver*, No. 5:21-CV-00071-TES, 2021 WL 5413662, at *2 (M.D. Ga. Mar. 16, 2021) ("[S]tate entities like the Georgia Department of Human Services and individuals employed by state entities are entitled to Eleventh Amendment immunity.").

[11] ECF 1, at 4.

This case is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg<br>
United States District Judge